**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1174**

TAMMY HORTON,

                Plaintiff - Appellant,

        v.

THE METHODIST UNIVERSITY, INC.,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:16-cv-00945-D)

Submitted:  October 24, 2019                           Decided:  December 20, 2019

Before HARRIS and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Sirianni, Jr., BROWNSTONE, P.A., Winter Park, Florida, for Appellant.  Daniel M. Nunn, Christopher P. Raab, CAUDLE & SPEARS, P.A., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tammy Horton appeals the district court's order granting summary judgment to The Methodist University, Inc. ("Methodist") on her disability discrimination claims raised pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Finding no error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

To establish claims of disability discrimination under the Rehabilitation Act and the ADA, Horton must establish "that (1) [s]he has a disability, (2) [s]he is otherwise qualified to participate in the defendant's program, and (3) [s]he was excluded from the program on

2

the basis of h[er] disability." *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461 (4th Cir. 2012). "A qualified individual is one who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements for participation in a program or activity." *Id.* at 462 (alteration and internal quotation marks omitted). In making this determination, "we accord a measure of deference to the school's professional judgment."[1] *Class v. Towson Univ.*, 806 F.3d 236, 246 (4th Cir. 2015). For the third element of a disability discrimination claim, the Rehabilitation Act requires a showing that "the plaintiff . . . was excluded solely by reason of [her] disability," while the ADA requires a showing "that the disability was a motivating cause of the exclusion." *Halpern*, 669 F.3d at 461–62 (internal quotation marks omitted).

We conclude that Horton failed to present evidence that she was qualified to participate in Methodist's Physician Assistant Program ("MUPAP"). Although Horton argues that she was qualified because she was admitted into the MUPAP, she did not meet the MUPAP's requirement of *continued* participation: that she pass all but two of her classes. *See Class*, 806 F.3d at 246 ("In the context of postsecondary education, a disabled person is qualified if [s]he shows that [s]he meets the academic and technical standards requisite to admission or participation in the school's education program or activity." (alteration and internal quotation marks omitted)); *accord McGregor v. La. State Univ. Bd.*

---

[1] Thus, to the extent Horton claims that the district court erred in deferring to Methodist's professional judgment, her argument is foreclosed by our circuit's precedent. *See Warfaa v. Ali*, 811 F.3d 653, 661 (4th Cir. 2016) (recognizing that one panel cannot overrule a decision issued by another panel).

*of Supervisors*, 3 F.3d 850, 854 (5th Cir. 1993) ("Many students, [disabled] or not, who qualify for admission into law school flunk out. They are not qualified for retention."). While Horton also contends that she would have performed better if Methodist had provided her preferred accommodations, we conclude that no reasonable jury would agree. Horton admitted that she failed one exam because she did not study enough. Horton failed a second exam despite receiving additional time and her preferred accommodation of testing in an empty room. Moreover, while Horton did not receive the double-time accommodation she had received as an undergraduate, Methodist provided her extra time to complete exams, and she never used all of the extra time provided to her. Thus, based on the admissible evidence, a reasonable jury could not conclude that Horton's failures were the result of Methodist's alleged failure to accommodate her disability.[2]

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Because we conclude that Horton was not qualified to participate in the MUPAP, we need not address her arguments that her disability was the cause of her dismissal or that Methodist failed to engage in an interactive process to find a reasonable accommodation.

4